**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

JEFFREY LAMOTHE,

                         Plaintiff,

     v.                                                   2:23-CV-00040
                                                          (TJM/CFH)

FEDERAL COURT CLERKS; STATE OF VERMONT,

                         Defendants.

**APPEARANCES:**

Jeffrey Lamothe
17 Potter Ave., Apt. B
Granville, New York 12832
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

Plaintiff pro se Jeffrey Lamothe commenced this action on February 17, 2023, with the filing of a complaint, dkt. no. 1-3, and, in lieu of paying the Court's filing fee, an application for leave to proceed in forma pauperis ("IFP"), dkt. nos. 1, 1-1. On February 25, 2024, U.S. District Court for the District of Vermont disqualified itself pursuant to 28 U.S.C. § 445(a) and directed the case be reassigned to a U.S. District Judge in the Northern District of New York. On March 23, 2022, the case was reassigned to Senior U.S. District McAvoy. See Dkt. No. 3. On April 5, 2023, the case was referred to the undersigned. See Dkt. No. 4. Presently pending before the undersigned is review of plaintiff's IFP Application and, if granted, review of the complaint pursuant to 28 U.S.C. § 1915.

## I. In Forma Pauperis

After reviewing plaintiff's IFP application, Dkt. No. 1-1, the Court concludes that plaintiff financially qualifies to proceed IFP for purposes of filing.[1] Accordingly, the undersigned proceeds to review the complaint.

## II.  Relevant Legal Standards

Section 1915(e)[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).  It is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they

---

[1]  Plaintiff is advised that in forma pauperis status does not cover any costs and fees that may be associated with this matter, including, but not limited to, any copying fees that may be incurred.
[2] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).  Accordingly, a financial assessment and, if determined to be financially qualified, an initial review of the complaint pursuant to section 1915 is required of all plaintiffs who seek to proceed IFP, regardless of their incarceration status.

suggest.'" Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[3] Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer,

---

[3] Unless otherwise noted, copies of all unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

3

prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

> Further, Rule 10 of the Federal Rules provides:
>
> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its

4

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted).  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal.  Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).  Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### III.  Complaint

Plaintiff's complaint includes 3 handwritten pages.  See Dkt. No. 1-3 at 1-2, 4.

The handwritten pages appear to reference other proceedings. The first handwritten page, states that it is "Addressed to: Federal Court Clerks" in Burlington, Vermont; the Vermont Attorney General's Office in Montpelier, Vermont; and "Senator's Offices" in Burlington, Vermont. Dkt. No. 1-3 at 1. Under this "address," the complaint states: "Re; Lawsuite [sic]; Unlawfull [sic] Representation, Plaintiff Jeffrey P. Lamothe (Pro-Se) V Defendants Federal Court Clerks Et; Al State of Vermont." Id. Next, the page reads, "Complaint Unlawfull [sic] Representation as in processing etc. (1) Mailing to All Parties, Distribution (2) Myself Receiving (3) Timely Manner (4) Withholding Information/Tampering/Forgery (5) False Pretenses (6) My Income Fraud (SSI)." Id.

  The second page appears to contain a caption relating to a case before the Village of Granville Court, Washington County, with a "file docket #" of "22-000901" and states, Evan Steinert "against" Jeffrey Lamothe. See Dkt. No. 1-3 at 4. Under this "caption," plaintiff writes the following: "Re; Cross Actions et; al Paragraph of Notice Whereas Now Therefore[,]" Id. This page states further, "Motion" "Summary Judgement of One Billion Dollars Paid to Myself Jeffrey Peter Lamothe of a Legal Binding Contract of Thirty Percent Down and the Remaining Amount Paid Quarterly A year. To be Published (Law) (Solely) Addition to the Above; From November Two Thousand Twenty-Two aswell [sic] as foregoing of Costs-Costs-Damages." Id. Underneath this, the complaint states, "Settlement (1) Ten Thousand a Month Income (Retirement) (2) Building at 151 West Street, Rutland, Vt No Debt (Labor) (3) Two Percent Loan on 17 Potter Ave Granville, New York (And-Or) (4) Rent to be paid at 17 Potter Ave Apt. B Granville, NY (per Eviction)." Id. Last on the page, it states "In

Return (1) File #22-000901 (Eviction-Petitions) (2) Docket/Case Number 2:22-CV-00220)." Id.

Following the handwritten pages are copies of various documents, included without any explanation. See Dkt. No. 1-3 at 2, 5-9. The first document appears to be a warrant of eviction from the Village of Granville Court in Washington County, New York. The second appears to be a summons to the State of Vermont that appears to be in connection with this action; an unexecuted "Waiver of Service of Summons"; a Certificate of Service dated February 17, 2023, executed by plaintiff; and a "Notice of Electronic Filing" in connection with 2:22-CV-220 (TJM/CFH), Lamothe v. Federal Court Clerk, on which plaintiff has made a variety of handwritten annotations.

### IV. **Analysis**

Plaintiff's complaint clearly fails to meet the requirements of Rule 8 and 10 in that it is nearly unintelligible. Plaintiff sets forth no facts, explains no personal involvement of defendants in any violation of federal or constitutional law. See Sheehy, 335 F. App'x at 104. Thus, he has failed to establish this Court's subject matter jurisdiction.

Moreover, although incredibly sparse, plaintiff's complaint in this action uses some keywords that appear substantially similar to those made in another case plaintiff commenced, Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH). More specifically, he references "SSI." Dkt. No. 1-3 at 1. In his complaint in 2:22-CV-220, plaintiff makes reference to a Social Security claim. See Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH). In what appears may be another connection to his earlier-filed actions, he states in this action, "Unlawfull [sic] Representation as in

processing." Dkt. No. 1-3 at 1.  In his complaint in 2:22-CV-220, plaintiff appeared to seek to allege that a clerk with the U.S. District Court for the District of Vermont failed to "process" lawsuits in November 2022.  Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH), Dkt. No. 5 at 7.  Given that plaintiff directly references this case caption in the instant complaint, and again names as defendants "Federal Court Clerks," it is possible that he is attempting to commence a new action arising out of the same purported claims in an attempt to avoid the recommendation of dismissal pending in that action.  See Dkt. No. 1-3.

To the extent plaintiff provides what appears to be a caption and docket number for an eviction proceeding in Village of Granville Court, although there is no explanation for his inclusion in this complaint, the undersigned observes that other actions plaintiff has commenced before this Court appeared to set forth claims relating to eviction.  In reviewing plaintiff's complaints in 5:22-CV-161 (TJM/CFH), Lamothe v. Brown; 5:22-CV-162 (TJM/CFH), Lamothe v. Bankruptcy Court, et al.; 5:22-CV-164 (TJM/CFH), Lamothe v. Cooper, et al., in which plaintiff also made reference to a warrant of eviction, the Court there noted that it did not have before it sufficient information to assess any potential claims relating to wrongful eviction and recommended that any such claims be dismissed without prejudice.  It is unclear to the undersigned whether plaintiff is attempting to raise any claims relating to an eviction in this action or whether any potential claims are the same or related to those previously addressed in the above-mentioned cases.

As the Court can make out no discernable claims or assess sufficient facts to support any claims for relief to demonstrate this Court's jurisdiction over this matter, the

complaint must be dismissed.  See Twombly, 550 U.S. at 570.  As it stands, the complete absence of cognizable factual support, context, or legal claims do not suffice to provide defendants with "fair notice" of the claims against them.  Flores v. Graphtex, 189 F.R.D. at 54.

However, despite the absence of any facts or any demonstration of federal jurisdiction, this Court must provide special solicitude to pro se plaintiffs, Triestman, 470 F.3d at 475.  In light of the directive that caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983), it is recommended that plaintiff be provided with an opportunity to amend his complaint.[4]

### V.  **Anti-filing Injunction/Pre-Filing Order**

Plaintiff has filed a total of fourteen cases in the District of Vermont between August 31, 2022, and March 16, 2023.[5]  In addition to the instant case, the undersigned

---

[4]  Any amended complaint will replace and supersede the complaint in its entirety and, thus, must be a complete pleading containing all of the facts, allegations, parties, and legal claims that plaintiff wishes to include, except for any that have been dismissed by this Court with prejudice.  See Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").
However, plaintiff is cautioned that to the extent he has raised claims that are already under review of this Court in different actions, he may seek a second "bite at the apple" by commencing a new action before this Court.  Instead, he should seek to amend his complaint in the already pending actions if the Court has permitted such amendments.

[5]  See (1) 2:23-CV-28 (TJM), Lamothe v. Federal Court Clerks et al.; (2) 2:23-CV-29 (TJM/CFH), Lamothe v. Rutland Sheriffs Department; (3) 2:23-CV-30 (TJM/CFH); (4) 2:23-CV-31 (TJM/CFH), Lamothe v. Rutland Sheriffs Department; (5) 2:23-CV-32 (TJM/CFH), Lamothe v. Rutland Superior Court Clerks; (6) 2:23-CV-33 (TJM/CFH), Lamothe v. Rutland City Hall Social Security; (7) 2:23-CV-40 (TJM/CFH), Lamothe v. Federal Court Clerks of Vermont et al.; (8) 2:23-CV-54 (TJM/CFH), Lamothe v. Federal Court Clerks et al.; (9) 2:23-CV-55 (TJM/CFH), Lamothe v. Steinert, et al.; (10) 2:22-CV-220 (TJM/CFH), Lamothe v. Gallus, et al.(11) 5:22-CV-161 (TJM/CFH), Lamothe v. Brown (dismissal recommendation pending review);(12) 5:22-CV-162 (TJM/CFH), Lamothe v. Bankruptcy Court, et al., (dismissal recommendation pending review); (13) 5:22-CV-163 (TJM/CFH) (dismissal recommendation

has recommended dismissal of five cases thus far, review of which is pending before Senior U.S. District Judge McAvoy.  See 5:22-CV-161 (TJM/CFH), Lamothe v. Brown; 5:22-CV-162 (TJM/CFH); 5:22-CV-163 (TJM/CFH), Lamothe v. Bankruptcy Court, et al.; 5:22-CV-164 (TJM/CFH), Lamothe v. Bankruptcy Court, et al.; 5:22-CV-164 (TJM/CFH), Lamothe v. Cooper, et al.  Although the undersigned has recommended dismissal of these cases without prejudice, permitting plaintiff an opportunity to amend is based solely upon special solicitude, as the undersigned's review of those complaints revealed that the complaints have all fully failed to comply with federal rules 8 and 10 and lack any cognizable claims.  This case suffers similar infirmities.  Further troubling is the fact that, as noted above, it appears that plaintiff may be commencing multiple cases involving the same defendants, arising out of the same facts and legal claims.

Given the volume of plaintiff's commencement of pro se actions, including multiple cases that appear to involve the same defendants and arise from the same set of facts and circumstances, and that the cases reviewed thus far appear to lack any claim upon which relief can be granted, the undersigned recommends that the District Judge forward this action to the Chief Judge for consideration of an anti-filing injunction or pre-filing order, also providing plaintiff an opportunity to be heard on that matter.[6]

### VI.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

---

pending review); Lamothe v. Cooper, et al., (14) 5:22-CV-164 (TJM/CFH) (dismissal recommendation pending review).

[6] An anti-filing injunction, or pre-filing order, would enjoin plaintiff from filing any future pleadings or documents of any kind, including motions, in the District of Vermont, pro se, without prior permission of the Chief Judge or designee, except pleadings or documents in an action that is open at the time of the issuance of the Court's anti-filing injunction or pre-filing order, until that action is closed.

**ORDERED**, that plaintiff's application for leave to proceed in forma pauperis, dkt. no. dkt. nos. 1, 1-1, is **GRANTED** for purposes of filing; and it is

**RECOMMENDED**, that plaintiff's complaint, Dkt. No. 1-3, be **DISMISSED** without prejudice and with an opportunity to amend; and it is further

**RECOMMENDED**, that if the District Judge adopt this Report-Recommendation & Order, plaintiff be given thirty (30) days from the filing date of the District Judge's Order to submit an amended complaint, and if no such amended complaint is submitted within that time, the matter be deemed dismissed without further order of the Court; and it is further

**RECOMMENDED**, that the District Judge recommend to the Chief Judge an anti-filing injunction/pre-filing Order to the Chief Judge for consideration;

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[7]

Dated: May 5, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).