**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

---

JEFFREY LAMOTHE,

                        Plaintiff,

      v.                                                    2:23-cv-00040 (AMN/CFH)

FEDERAL COURT CLERKS and STATE
OF VERMONT,

                        Defendants.

---

**APPEARANCES:**                                     **OF COUNSEL:**

**JEFFREY LAMOTHE**
17 Potter Avenue, Apt. B
Granville, New York 12832
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       This case was assigned to the United States District Court for the Northern District of New York, following the decision by United States Chief District Judge Geoffrey W. Crawford to disqualify the United States District Court for the District of Vermont pursuant to 28 U.S.C. § 455(a). Dkt. Nos. 2-3. Plaintiff *pro se* Jeffrey Lamothe filed this action in the District of Vermont, raising claims against various court officials and other public officers. Dkt. No. 1-3 ("Complaint"). This Court (McAvoy, J.)[1] referred the matter to United States Magistrate Judge Christian F. Hummel for a Report-Recommendation. Dkt. No. 4.

---

[1] The case was subsequently reassigned to the undersigned. Dkt. No. 8.

Since Plaintiff has requested permission to proceed *in forma pauperis*, Magistrate Judge Hummel performed an initial review of the Complaint to determine whether service was warranted. In his Report-Recommendation and Order dated May 8, 2023 ("Report-Recommendation"), Magistrate Judge Hummel attempted to determine the nature of Plaintiff's Complaint, but found the filing "nearly unintelligible." Dkt. No. 5 at 7.[2] "Plaintiff sets forth no facts, [and] explains no personal involvement of defendants in any violation of federal or constitutional law." *Id.* As such, Magistrate Judge Hummel concluded, Plaintiff has failed to establish subject-matter jurisdiction. *Id.* Moreover, Magistrate Judge Hummel found, Plaintiff appears to reference another complaint filed in the District of Vermont, a complaint which Magistrate Judge Hummel recommended be dismissed. *Id.* at 7-8. Magistrate Judge Hummel postulated that Plaintiff may be "attempting to commence a new action arising out of the same purported claims in an attempt to avoid the recommendation of dismissal pending in that action." *Id.* at 8. Magistrate Judge Hummel also found that Plaintiff has referenced some sort of eviction proceeding in the Village of Granville, New York, but that it is unclear whether any claims related to that proceeding are being raised in this action. *Id.* In the end, Magistrate Judge Hummel found that, due to "the complete absence of cognizable factual support, context, or legal claims" in the Complaint, the matter should be dismissed for failure to provide defendants with "fair notice" of the claims against them. *Id.* at 9. Magistrate Judge Hummel recommends dismissal without prejudice, however, considering Plaintiff's *pro se* status. *Id.*

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Noting that Plaintiff has filed fourteen cases in the District of Vermont between August 31, 2022 and March 16, 2023; that review of five such cases has caused Magistrate Judge Hummel to recommend dismissal in each one; and that the filings seem to be repetitive, incomprehensible, and lack any supporting factual or legal basis, Magistrate Judge Hummel also recommended that the Court recommend that the Chief Judge consider an anti-filing injunction against the Plaintiff. *Id.* at 9-10.  Last, Magistrate Judge Hummel advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 11.

For the reasons set forth below, and except for the recommendation regarding an anti-filing injunction, the Court adopts the Report-Recommendation in its entirety.

**II.   STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of*

*Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citations omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III. DISCUSSION**

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Plaintiff nominally filed objections to the Report-Recommendation. Dkt. Nos. 6-7. In each, Plaintiff simply copied the text notice he received regarding the Report-Recommendation,

4

circled the phrase "complaint be dismissed," drew an arrow to a handwritten statement that reads "complaint of dismissal is hear by [sic] overruled, Docket 00040 A) No court date; B) unlawful representation; C) timely manner", and signed and dated the filing.  *Id.*  The Court does not consider either of these annotated text notices as an objection to Magistrate Judge Hummel's conclusion that the Complaint fails to raise a claim upon which relief could be granted.  The Court finds that the Report-Recommendation is not subject to attack for clear error.  Further, even after *de novo* review, the Court agrees with Magistrate Judge Hummel's findings for the reasons stated in the Report-Recommendation.  The Court notes that—subsequent to the issuance of the Report-Recommendation and following an opportunity to be heard—a filing injunction was entered against Plaintiff within the District of Vermont.  *See Jeffrey Lamothe v. Colleen Brown*, Case No. 5:22-cv-161 (D. Vt. Aug. 31, 2022), Dkt. Nos. 15, 19.  For this reason, the Court declines to adopt Magistrate Judge Hummel's recommendation that the Chief Judge consider a filing injunction against Plaintiff.  The Court otherwise adopts the Report-Recommendation in its entirety.

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED** in its entirety, except regarding the proposed recommendation to the Chief Judge regarding an injunction order, which is now moot; and the Court further

**ORDERS** that Plaintiff's application for leave to proceed *in forma pauperis*, Dkt. No. 1, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1-3, is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that if Plaintiff does not submit an amended complaint consistent with the guidance set forth in the Report-Recommendation **within thirty (30) days** of the date of this Order, the case will be dismissed without prejudice and without further order of the Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: May 13, 2024
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk has previously provided Plaintiff with copies of all unreported decisions herein.